**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KHALID KHAN, | |
| Petitioner, | Civil Action No. 20-11210 (JMV) |
| v. | **OPINION & ORDER** |
| BRUCE DAVIS, | |
| Respondent. | |

Before the Court is Petitioner's motion seeking a stay and abeyance of this matter while he pursues unexhausted claims in state court through a second post-conviction relief ("PCR") petition. (D.E. 2.) In an earlier Order, the Court directed Petitioner to submit supplemental briefing in support of his motion, which he has done. (D.E. 5, 6.)

To merit a stay, Petitioner must establish (1) that he has good cause for his failure to raise the additional claims before; (2) that the additional claims have factual and legal merit; and (3) that he is not engaging in intentional dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). With those principles in mind, Petitioner's unexhausted claims appear to be ineffective assistance of PCR counsel. Generally, ineffective assistance of PCR counsel claims are not cognizable under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Similarly, the Supreme Court has held that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In *Martinez v.*

*Ryan*, 566 U.S. 1, 9 (2012), however, the Supreme Court set forth a limited exception to this rule and held that inadequate assistance of PCR counsel at initial review proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

In the present case, Petitioner appears to argue that PCR counsel failed to raise two claims of ineffective assistance of trial counsel. (D.E. 6, at 2–3.) Accordingly, the Court may be able to construe these claims as part of ineffective assistance of *trial* counsel claims, which are cognizable under § 2254. *Gamble v. Johnson*, No. 15-8358, 2019 WL 366558, at *2 (D.N.J. Jan. 30, 2019). In other words, the Court could potentially construe "that Petitioner failed to raise certain ineffective assistance of trial counsel claims at his first PCR proceeding because of the alleged ineffective assistance of his PCR counsel." *Id*.

As a result, the Court finds that Petitioner demonstrates "good cause" under *Rhines* to merit a stay. *See Suarez v. Johnson*, No. 17-2767, 2017 WL 5157392, at *3 (D.N.J. Nov. 7, 2017) (ruling *Martinez* claims sufficient to establish "good cause" under *Rhines*). Further, the Court finds that the claims are not "plainly meritless," and that it does not appear that Petitioner is engaging in dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. Consequently, the Court concludes that Petitioner has met his burden under *Rhines* and will grant his request to stay this matter.

For the foregoing reasons, and for good cause shown,

IT IS, on this 13th day of May 2021,

**ORDERED** that Petitioner's motion to stay this matter, (D.E. 2.), is GRANTED; and it is further

**ORDERED** that the Clerk of the Court shall STAY and ADMINISTRATIVELY TERMINATE this matter until Petitioner has exhausted the claims in his second PCR petition; and it is further

**ORDERED** that within thirty (30) days of exhausting his claims, *i.e.*, after a final decision from the Supreme Court of New Jersey, Petitioner may request that this Court reopen this matter and lift the stay; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order on Petitioner by regular mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge